**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| CHRIS SAUTER, individually and on behalf of a class of similarly situated persons,<br><br>        Plaintiff,<br><br>    vs.<br><br>CVS PHARMACY, INC.,<br><br>        Defendant. | Case No. 2:13-cv-00846<br>District Judge: Hon. James L. Graham<br>Mag. Judge: Hon. Norah McCann King |

**DEFENDANT CVS PHARMACY, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE CLASS ALLEGATIONS**

**INTRODUCTION**

Plaintiff Chris Sauter agrees, as he must, that a "fail-safe" class definition "is impermissible." *See* Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Class Allegations (Dkt. 24, "Opposition" or "Opp'n") at 4. Courts strike fail-safe class definitions for good reasons. Such definitions require an "improper merits evaluation to determine who is in the class," *Lindsay Transmission v. Office Depot*, 2013 U.S. Dist. LEXIS 9554, at*11 (E.D. Mo. Jan. 24, 2013)), and they permit a class action to proceed on what is essentially a heads-plaintiff-wins, tails-defendant-loses basis, *see Randleman v. Fidelity Nat'l Title Ins. Co.,* 646 F.3d 347, 354 (6th Cir. 2011). The latter is true because the class, by definition, will only include individuals or entities who have demonstrated all of the elements of their claim, and will exclude anyone else (and thus those excluded will not be bound by any judgment). Despite Plaintiff's contrary assertions, all three of Plaintiff's proposed classes or subclasses are fail-safe and thus should be stricken at this time.

**DISCUSSION**

Each of the three classes or subclasses proposed by Plaintiff by definition would require an improper merits inquiry into whether consent was provided by each putative class member in order to determine class membership. Each definition includes only individuals who, among other things;

- "did not provide express *consent* for such calls," Compl. ¶ 42 (emphasis added);
- "did not provide prior express *written consent*," Compl. ¶ 32 (emphasis added); or
- "had expressly *revoked any consent previously given*," Compl. ¶ 44 (emphasis added).

Faced with a similar need to address the issue of consent to determine who is a member of the class, the court in *Lindsay Transmission* struck the proposed class definition in a very similar case claiming similar violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). *Id.* at *11-12.[1]

Plaintiff concedes that fail-safe classes are "impermissible." Opp'n at 4. Plaintiff asserts, however, that his case is different from *Lindsay Transmission* and other cases striking fail-safe classes because there will be no need for "individualized determinations" based on what he has alleged is a common practice of calling customers without consent. Opp'n at 5.

---

[1] In addition, Plaintiff's first proposed subclass—which improperly requires an inquiry into a lack of "written consent" to determine class membership (Compl. ¶ 32)— should be stricken as entirely irrelevant because the law plainly does not require written consent for the sort of calls alleged in the Complaint. *See* Defendant CVS Pharmacy, Inc.'s Motion to Strike Plaintiff's Class Allegations (Dkt. 23, "Mot.") at 6 n.2. In that regard, Plaintiff alleges that he (and the putative class) received calls from CVS relating to prescription refills. Compl. ¶ 21-24; Opp'n at 2. As CVS pointed out in its opening brief (at 6 n.2), and as undisputed by Plaintiff, the Federal Trade Commission, expressly exempted such calls from the new requirement to obtain "written consent" before a cellular call can be made. *See* 47 U.S.C. 227(b)(1)(A) and 17.47 C.F.R. § 64.1200(a)(1) (informational calls are not subject to written consent requirement); 17.47 C.F.R. § 64.1200(a)(2) (only prior "express consent" not prior "written consent" required for such calls delivering "health care" messages).

Of course, the plaintiff in *Lindsay Transmission* also alleged that a lack of consent was common and did not require individualized determination. The problem here, as it was in *Lindsay Transmission*, is that the proposed class definitions are, on their face, fail-safe and, while no discovery is necessary to demonstrate that the class definitions are defective as a matter of law, there absolutely would be a need for "individualized determinations" of consent for each of the respective class definitions in order to determine just who precisely might fall within their respective membership.[2] Such "individualized determinations" are precisely what makes the proposed classes defective on their face. *See Lindsay Transmission*, 2013 U.S. Dist. LEXIS 9554, at *11; *see also Randleman*, 646 F.3d at 354.[3]

Plaintiff also suggests that framing his proposed class definitions such that they each turn on issues of "consent" is not fatal based on *St. Louis Heart Ctr., Inc. v. Forest Pharms., Inc.*, 2013 U.S. Dist. LEXIS 35563, at *20-22 (E.D. Mo. March 13, 2013). *See* Opp'n at 5. That case, however, does not support Plaintiff's argument. In *St. Louis Heart*, the court merely noted that some district courts do not follow the approach of the Sixth Circuit with regard to fail-safe class definitions. *Compare St. Louis Heart,* 2013 U.S. Dist. LEXIS 35563, at *21 *with* Mot. at 3-4 (discussing Sixth Circuit cases). Moreover, the court never even reached the fail-safe issue;

---

[2] Even if a class definition were proposed that is not facially improper as a fail-safe class, it would not remedy the fundamental problems with Plaintiffs' proposed class action because, as Plaintiff is aware, he has already been presented with informal discovery demonstrating that Caremark sought and received consent to make calls to him (as they do with other customers) about his prescriptions. As such, he already has evidence demonstrating that it is the practice at the time a prescription is filled to obtain consent, and that the associated existence of individualized issues are fatal to his attempt to certify any class.

[3] To the extent that Plaintiff suggests further discovery is necessary under *Lindsay Transmission*, that is incorrect. Despite later referencing some initial discovery offered in connection with a motion to compel discovery, the court refused to permit additional discovery, *id.* at *3, and noted that a fail-safe class could be struck "on the pleadings." *Id.* at *10.

rather, the court expressly stated that "because Defendants do not argue that the proposed class in this action is a 'fail-safe class,' the Court will not delve further into the matter." *St. Louis Heart,* 2013 U.S. Dist. LEXIS 35563, at *21.

Finally, Plaintiff suggests, as a fall back, that if this Court agrees that his proposed classes are defective, it can simply revise the class definition. However, it is Plaintiff, not the Court, that has the burden of proposing and defending a proper class definition. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147 156 (1982); *Ramberio v. Unumprovident Corp.*, 385 Fed. App'x. 423, 45 Employee Benefits Cas. (BNA) 2262, 72 Fed. R. Serv. 3d 738 (6th Cir. 2009) (discussing plaintiff's burden and holding that "the need for such individualized fact-finding makes [a] class definition unsatisfactory"). He has not done that here, and the Court has no obligation to create a viable class or related definition for him, even if it could. *See supra* n.2.

## CONCLUSION

Accordingly, for the reasons set forth above, Defendant CVS Pharmacy respectfully requests that this Court grant its Motion and strike or dismiss Plaintiff's class allegations, and provide for such further relief as this Court deems just and proper.

[SIGNATURE ON FOLLOWING PAGE]

Dated**:**  March 17, 2014                                        Respectfully submitted,

                                                         */s/ Joseph C. Pickens*
Joseph C. Pickens (0076239) (Trial Counsel)
jpickens@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
65 E. State St., Suite 1000
Columbus, OH 43215
T 614.221.2838
F 614.221.2007

Robert H. Griffith (Admitted *pro hac vice*)
(Illinois State Bar ARDC No. 6237224)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
T 312.832.4500
F 312.832.4700

Michael D. Leffel (Admitted *pro hac vice*)
FOLEY & LARDNER LLP
150 East Gilman Street
Madison, WI 53703
T 608.258.4216
F 608.258.4258

*Attorneys for Defendant CVS PHARMACY, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *DEFENDANT CVS PHARMACY, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS* was served through the Court's CM/ECF system this 17TH day of March, 2014, upon the following:

Brian K. Murphy
Joseph F. Murray
MURRAY MURPHY MOUL & BASIL
1533 Lake Shore Drive
Columbus, Ohio 43204

                                      */s/ Joseph C. Pickens*
                                      Joseph C. Pickens

31532574.1